UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL L. RITTNER, SR., | ) | CASE NO. 3:06 CV 1943 |
| Plaintiff, | ) ) | JUDGE DAVID A. KATZ |
| v. | ) ) | |
| | ) | OPINION AND ORDER |
| LESLIE KINDER, et al., | ) ) | |
| Defendants. | ) | |

On August 14, 2006, plaintiff pro se Daniel L. Rittner, Sr., an inmate at the Allen Correctional Institution, filed this 42 U.S.C. § 1983 action, alleging that he has been prevented from using the prison law library and from obtaining legal assistance and materials, that his grievances have not been processed properly, and that he has been subjected to threats and intimidation. For the reasons stated below, this action is dismissed without prejudice.

A prisoner may not bring a civil action or appeal a judgment in a civil action in forma pauperis if, on three or more prior occasions, her brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief

may be granted. 28 U.S.C. § 1915(g).[1]

      Rittner has on at least five occasions filed a civil action failing to state a claim in this court. See, Rittner v. Kinder, 3:06 CV 973; Rittner v. Baker, 3:05 CV 7188; Rittner v. Williams, 3:05 CV 7118; Rittner v. Dennis, No. 3:04 CV 7585; Rittner v. Baker, No. 3:03 CV 7765. Thus, as the complaint in the instant action does not contain allegations reasonably suggesting he is in imminent danger of serious physical injury, Rittner may not proceed in forma pauperis. See Mitchell v. Tennessee, No. 03-5816, 2004 WL 193153 at *1 (6th Cir. Jan. 30, 2004).

      Accordingly, this action is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                                      /s/ David A. Katz

                                      DAVID A. KATZ
                                      UNITED STATES DISTRICT JUDGE

---

[1] Failure to exhaust administrative remedies constitutes a failure to state a claim upon which relief can be granted. Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002).